IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

SEMAJ BRITFORD, TAURAS
THOMPSON,
    PLAINTIFFS,

VS.                                              CV NO.:

SOUTHERN INTERMODAL
XPRESS, LLC, LAZER SPOT,
INC., LAZER SPOT HOLDINGS
CORP.,
    DEFENDANT.                    JURY TRIAL DEMANDED

**COMPLAINT**

**I.    JURISDICTION**

1.    This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer… in any Federal or State court of competent jurisdiction."

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Defendants Intermodal and SPOT do/did business within this District. In addition, the events and omissions giving rise to Plaintiffs' claims occurred in this District.

**II.    PARTIES**

4. Plaintiff, SEMAJ BRITFORD, (hereinafter "Britford") is a resident of Prichard, Mobile County, Alabama, and performed work for the Defendant in the counties composing the Southern District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Southern District, Mobile Division.

5. Plaintiff, TAURUS THOMPSON, (hereinafter "Thompson") is a resident of Mobile, Mobile County, Alabama, and performed work for the Defendant in the counties composing the Southern District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. §1391(b), venue for this action lies in the Southern District, Mobile Division.

6. Defendant, Southern Intermodal Xpress (hereinafter "Southern Intermodal") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 621(a)(2), and 29 U.S.C. § 201, *et seq.* Defendant employed at least twenty (20) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

7. Defendant, Southern Intermodal, at all times material, is Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. Defendant, Lazer Spot Inc., (hereinafter "Lazer Spot" is a company registered and doing business in the state of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 621(a)(2), and 29 U.S.C. § 201, et seq. Defendant employed at least twenty (20) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

9. Defendant, Lazer Spot, at all times material, is Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. §203(d).

10. Defendant Lazer Spot Holdings Corp., (hereinafter "Lazer Spot Holdings") is a company registered and doing business in the state of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 621(a)(2), and 29 U.S.C. § 201, et seq. Defendant employed at least twenty (20) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

11. Defendant, Lazer Spot Holdings, at all times material, is Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

### III. STATEMENT OF FACTS

12. Plaintiffs hereby incorporate by reference each fact and allegation contained in the above paragraphs, as if restated herein.

13. Defendants Lazer Spot and Lazer Spot Holdings (hereinafter "SPOT"), are an employer an enterprise engaged in interstate commerce.

14. Defendant, Lazer Spot, has an annual revenue of at least five hundred thousand dollars ($500,000.00).

15. Defendant, Lazer Spot Holdings, has an annual revenue of at least five hundred thousand dollars ($500,000.00).

16. Alternatively, Defendants Lazer Spot and Lazer Spot Holdings have a combined annual revenue of at least five hundred thousand dollars ($500,000.00).

17. Defendant Southern Intermodal is engaged in interstate commerce.

18. Defendant Southern Intermodal has an annual revenue of at least five hundred thousand dollars ($500,000.00).

19. Defendants Lazer Spot, Lazer Spot Holdings, and Southern Intermodal (collectively "Defendants") controlled the day to day operations of their freight and warehouse service business and were actively involved in the day to day operations.

20. For example, Defendants were involved in matters concerning hiring, firing, payroll, policies, making procedures, marketing, establishing services to offer, setting product and service pricing and other business operations.

21. Defendants supervised the operations of their freight and warehouse.

22. At all times material to Plaintiffs' claims, Defendants controlled Plaintiffs' day to day activities, supervised, and/or had operational control over Plaintiffs.

23. Defendants controlled Plaintiffs' rate of pay, including any payment of overtime.

24. Defendants controlled Plaintiffs' work schedules, including the number of days and hours worked.

25. Defendants controlled and determined the work duties assigned to Plaintiffs.

26. Defendants hired Plaintiffs around April of 2015 as Jockey Drivers.

27. Plaintiffs remained Defendants' employees through August of 2018 or longer.

28. Plaintiffs' job duties included, but were not limited to, moving/spotting freight trailers on Defendants' facilities and/or moving/spotting freight trailers from the trailer yard to various loading docks/bays at plant/facility.

29. In their capacity as Jockey Drivers, Plaintiffs did not make any interstate deliveries or transports.

30. Moreover, Plaintiffs were not reasonably expected to be asked to make interstate deliveries or transports.

31. Plaintiffs' duties did not affect or have a substantial direct affect on the safety or operation of motor vehicles in transportation on public highways in interstate commerce.

32. Plaintiffs were not exempt from overtime under the Motor Carrier Act exemption, 29 U.S.C. § 213(b), because they were not a "driver," "driver's helper," "loader," or "mechanic" as defined under 29 U.S.C. § 213(b).

33. Moreover, Plaintiffs' job duties were not within the jurisdiction of the Department of Transportation ("DOT").

34. Plaintiffs worked as hourly employees for Defendants.

35. Plaintiffs worked over forty (40) hours during one or more weeks during their employment with Defendants but were not paid overtime compensation at the proper overtime rate for those hours worked over forty (40) per work week.

36. In violation of the FLSA, Defendants willfully failed to or refused to pay Plaintiffs time and a half for overtime worked.

37. On average, Plaintiffs worked between fifty-five (55) and sixty (60) hours in a workweek.

38. In violation of the FLSA, Defendants knew, or showed reckless disregard, that they failed to pay Plaintiffs appropriate overtime compensation.

**IV.   COUNT ONE – FLSA – Failure to Pay Overtime**

39. Plaintiffs hereby incorporate by reference each fact and allegation alleged in the above paragraphs, as if restated herein.

40. Plaintiffs were employed by Defendants beginning in or around April of 2015.

41. Plaintiffs remained Defendants' employees until at least August of 2018.

42. Defendants are engaged in interstate commerce and/or the production of goods for commerce.

43. Plaintiffs were employed as Jockey Drivers.

44. Plaintiffs worked as hourly employees for Defendants.

45. Plaintiffs' job duties included, but were not limited to, moving/spotting freight trailers on Defendants' facilities and/or moving/spotting freight trailers from the trailer yard to various loading docks/bays at plant/facility.

46. In their capacity as Jockey Drivers, Plaintiffs did not make any interstate deliveries or transports.

47. Moreover, Plaintiffs were not reasonably expected to be asked to make interstate deliveries or transports.

48. Plaintiffs' duties did not affect or have a substantial direct effect on the safety or operation of motor vehicles in transportation on public highways in interstate commerce.

49. Plaintiffs were not exempt from overtime under the Motor Carrier Act exemption, 29 U.S.C. § 213(b), because they were not a "driver," "driver's helper," "loader," or "mechanic" as defined under 29 U.S.C. § 213(b).

50. Moreover, Plaintiffs' job duties were not within the jurisdiction of the Department of Transportation ("DOT").

51. Plaintiffs worked over forty (40) hours during one or more weeks during their employment with Defendants but were not paid overtime compensation at the proper overtime rate for those hours worked over forty (40) per work week.

52. In violation of the FLSA, Defendants willfully failed to or refused to pay Plaintiffs time and a half for overtime hours worked.

53. On average, Plaintiffs worked between fifty-five (55) and sixty (60) hours in a workweek.

54. In violation of the FLSA, Defendants knew, or showed reckless disregard, that they failed to pay Plaintiffs appropriate overtime compensation.

55. Because of Defendants FLSA violation, Plaintiffs have suffered damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Enter judgment for Plaintiffs and on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, as amended;

B. Award Plaintiffs actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

C. Award Plaintiffs liquidated damages;

D. Attorneys' fees and costs;

E. Enter a declaration that the Jockey Drivers employed by Defendants are not exempt from receiving overtime compensation under the FLSA;

F. Enter a Judgment according to the declaratory relief sought; and

G. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
Kira Fonteneau

_____
Felicia T. Long

**OF COUNSEL:**

THE FONTENEAU FIRM LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 564-9005 F: (205) 564-9006

_____
OF COUNSEL

**DEFENDANTS' ADDRESSES:**

Southern Intermodal Xpress, Inc.
C/O John Stimpson, Registered Agent
823 Dumaine Road
Mobile, AL 36610

Lazer Spot Holdings Corp.
C/O Rhonda Wilcox-McCurtain
6525 Shilo Road, Suite 900
Alpharetta, GA 30005

Lazer Spot, Inc.
C/O Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104